## In re HOWARD.

(Circuit Court of Appeals, Second Circuit. July 21, 1910.)

### No. 318.

1. BANKRUPTCY (§ 409*)—ACTS IN FRAUD OF CREDITORS—FAILURE TO KEEP ACCOUNT BOOKS.

Where the business of a bankrupt was that of mining promoter, not requiring elaborate accounts, and he had no employés and each of his mining deals was separate and complete in itself, and he relied entirely upon pocket memoranda, noting upon them the deposits and withdrawals from his bank account, having his bank book balanced each month, such records and memoranda were sufficient as respects the rights of his creditors; they disclosing substantially the state of his financial affairs.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 409.*]

2. BANKRUPTCY (§ 414*)—FRAUDULENT TRANSFERS.

Suspicious circumstances are not enough to show a fraudulent transfer of property by a bankrupt.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 414.*]

Appeal from the District Court of the United States for the Southern District of New York.

In the matter of Oliver O. Howard, bankrupt. From an order denying a discharge, the bankrupt appeals. Reversed and remanded, with instructions to grant a discharge.

The bankrupt petitioned for his discharge. Two creditors objected to the granting of the application and filed specifications charging in substance:

(1) That the bankrupt with intent to conceal his financial condition failed to keep books of account.

(2) That the bankrupt fraudulently transferred and concealed his assets and continued to conceal them up to the time of the bankruptcy.

(3) That the bankrupt fraudulently transferred and concealed property within four months of the bankruptcy.

(4) That the bankrupt made false oaths.

The application and objections were referred to a special master, who personally heard the bankrupt, his wife, and another witness, and, by deposition, two other witnesses, and filed a report finding that the objecting creditors had failed to substantiate any of the specifications of objection and recommending that the discharge should be granted.†

———————

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

† The report of the special master contains a full examination of the evidence presented before him and a careful consideration of the questions of law and fact arising in connection with each of the specifications of objection. The opinion of the district judge, however, is practically confined to the first specification. Consequently only that part of the report of the special master which relates to the first specification is printed here. This part follows:

"First Specification: Failure to keep books, &c.

"From the great mass of testimony before me it appears that in 1900, when the Ratcliffe mine went to the wall, down to the filing of the bankruptcy petition, the bankrupt was engaged in the business of promoting mines in various parts of the United States and Mexico, and had no office or fixed place of residence where books might be kept; that he had no employés and that each one of these mining deals was separate and com-

· The District Court heard the question of granting the discharge upon the report of the special master; found that the first specification of objection was established, and denied the discharge.

Rounds, Hatch, Dillingham & Debevoise (R. S. Rounds, of counsel), for appellant.

Blandy, Mooney & Shipman (J. S. Frank and Arthur B. Williams, of counsel), for appellee.

Before LACOMBE, WARD, and NOYES, Circuit Judges.

PER CURIAM.. We think that the special master was right in his opinion that the objecting creditors failed to substantiate their first specification of objection. The business of the bankrupt—that of a mining promoter—did not require any elaborate accounts. The records and memoranda which he kept seem to have been sufficient to disclose substantially the state of his financial affairs, and that was enough. In our opinion the evidence was insufficient to warrant a finding that the failure to keep more complete records arose from any intention upon the part of the bankrupt to conceal his financial condition. Certainly we think the evidence would not warrant such a finding in the face of the report of the special master who saw the bankrupt upon the stand and heard his testimony at length.

. We also think that the special master was right in his conclusions with respect to the other specifications of objection. It is true, as pointed out by the district judge, that the evidence concerning the transfer of the Mt. Shasta mining lease from the bankrupt to his wife was not altogether satisfactory. But suspicious circumstances are not enough to show a fraudulent transfer, and, assuming that the doctrine of continuous concealment applies in the case of fraudulent transfers, we think that the objecting creditors failed to substantiate their charges of the fraudulent concealment of assets and the making of false oaths.

The order of the District Court is reversed, with costs, and the cause remanded, with instructions to grant the bankrupt his discharge.

plete in itself; that it was his practice to rely entirely upon pocket memoranda, noting upon these memoranda the deposits and withdrawals from his bank account, having his bank book balanced each month. He has produced and marked in evidence the balance sheet or statement from his book, with the vouchers attached, covering the period from 1902 to the date of the bankruptcy proceedings. Although a system crude in itself, I think the records are sufficient to satisfy the statute and are such records from which his financial condition might be ascertained. Nor have the objecting creditors, in my opinion, sustained the burden of proving intent on the part of Mr. Howard to conceal his financial condition by failure to keep more elaborate books of account and records. In re Keeffer, 14 Am. Bankr. Rep. 290, 135 Fed. 885; In re Hamilton, 13 Am. Bankr. Rep. 333, 133 Fed. 823.

"A discharge should not be refused on suspicious circumstances and mere surmise where proof is lacking. In re Chamberlain, 11 Am. Bankr. Rep. 95, 125 Fed. 629.
: "I think that this objection should be overruled."