## In re WEINER.

District Court, D. Maryland. November 2, 1928.

No. 5102.

882

Isidor Blum and Bernhard Cline, both of Baltimore, Md., for bankrupt.

G. Ridgely Sappington, of Baltimore, Md., for objecting creditor.

WILLIAM C. COLEMAN, District Judge. The question here is whether the bankrupt is entitled to his discharge. Application for same has been duly made, but objection has been filed by a creditor, alleging that the bankrupt has destroyed, concealed, or failed to keep books of account or records from which his financial condition and business transactions might be ascertained. Identical objection was made by the same creditor to the confirmation of a composition of 15 per cent. offered by the bankrupt. A hearing was had, and the court declined to confirm the composition, on the ground that whereas the bankrupt kept certain books of account, these were, for the most part, unintelligible, and, while presumably intended to cover receipts in the bankrupt's business, a small dry goods enterprise, were totally devoid of any disbursement entries. The court concluded that this situation cast at least some doubt as to the bona fides of the bankrupt's conduct of his business.

Section 12d of the Bankruptcy Act (11 USCA § 30(d) provides: "The judge shall confirm a composition if satisfied that (1) it is for the best interests of the creditors; (2) the bankrupt has not been guilty of any of the acts or failed to perform any of the duties which would be a bar to his discharge; and (3) the offer and its acceptance are in good faith and have not been made or procured except as herein provided, or by any means, promises, or acts herein forbidden." It will be seen that the ground on which the court declined to confirm the composition is one of the grounds which is specifically made the basis of a bar to a discharge. Section 14b, 11 USCA § 32(b). However, the prior hearing on the matter of composition did not necessarily make the question res adjudicata, and for this reason the court reopened the matter at the subsequent hearing in opposition to the discharge and heard additional testimony.

But at the second hearing no further or more satisfactory explanation has been afforded respecting the character of the bankrupt's books. It is true that for a number of years past the bankrupt appears to have kept books in this same manner. It is further true that there is no ironclad rule under the Bankruptcy Act requiring the keeping of any books; that is to say, a business may be so small that the total absence of them may be justified. Similarly, if books are kept, there is no particular form of accounting that need be followed. On the other hand, the election to keep them implies that they, if not by themselves, then in conjunction with other less formal records, shall prima facie give every evidence of an honest effort to reflect the entire business of the bankrupt. As long as there is any doubt on this point, a court of bankruptcy should resolve that doubt for the benefit of creditors. A discharge is a privilege granted by the act.

One who seeks thereby to avoid his debts must comply strictly with its provisions.

█ Section 14 of the act, covering discharges and when they will be granted, after reciting the various matters which will be a bar, provides: "That if, upon the hearing of an objection to a discharge, the objector shall show to the satisfaction of the court that there are reasonable grounds for believing that the bankrupt has committed any of the acts which, under this paragraph (b), would prevent his discharge in bankruptcy, then the burden of proving that he has not committed any of such acts shall be upon the bankrupt." From this it will be seen that the burden of proving that no act in bar of a discharge has been committed shifts to the bankrupt, if the objecting creditor has shown, to the satisfaction of the court, that there are *reasonable* grounds for believing that the bankrupt has committed any of the forbidden acts. Here the creditor has satisfied the court that there is some reason to believe that the bankrupt should be able to produce better books, or at least some further records, and the bankrupt has not sustained the burden of proof thus placed upon him. The bankrupt's books contained no record whatsoever of any cash disbursements, or of any money withdrawn by him for his personal use or for any other purpose. He testified merely that from time to time, as occasion warranted, he took out of the cash drawer what he needed for household and personal expenses.

It is true that prior to 1926, when this section of the Bankruptcy Act was amended, "intent to conceal his [the bankrupt's] financial condition" was expressly made an element of the offense under subsection b (2). The obvious purpose of the amendment is to make the law reasonable and capable of just application by the court under all circumstances of a given case by providing that a discharge, so far as the particular ground of objection now under review is concerned, shall be granted unless the court, in its own discretion, deems a failure to keep books of account or records from which the bankrupt's financial condition might be ascertained, to have been justified. In short, while the court is given broader discretion in one sense under the law as amended, as respects the bankrupt the change may be said to make the requirements just as strict. Mitigating circumstances, if they actually exist, may be taken into account to avoid depriving an honest debtor of his discharge, but the court should be entirely satisfied with respect to these mitigating circumstances.

For the aforegoing reasons, the application for discharge will be denied.