### In re STACKS.
### No. 8561.

District Court, M. D. Pennsylvania.

May 9, 1938.

Donald H. Yost and Jacob E. Weaver, both of York, Pa., for objecting creditor.

John Lamon, of Philadelphia, Pa., for bankrupt.

JOHNSON, District Judge.

The question here presented is whether the bankrupt is entitled to a discharge. The discharge is opposed by the Morris Drug Company, a creditor, because of the alleged failure of the bankrupt to keep books of record or accounts from which his financial condition and business transactions might be ascertained.

The case was referred to a special master, who recommends that the objections to the bankrupt's discharge be sustained. The bankrupt excepts to the report of the special master.

The case is governed by section 14b of the Bankruptcy Act, as amended by the Act of May 27, 1926, § 6, 11 U.S.C.A. § 32(b), which provides, inter alia, that a discharge shall be denied if the bankrupt "failed to keep books of account, or records, from which his financial condition and business transactions might be ascertained; unless the court deem such failure * * * to have been justified, under all of the circumstances of the case." Prior to the amendment of 1926, the act provided that the failure in order to prevent a discharge must have been "with intent to conceal his financial condition." Thus, under the amendment of 1926, the burden of proving justification is taken from the objecting creditors and placed upon the bankrupt, when the former have made a prima facie case. In re Miller, D.C., 5 F.Supp. 913; Karger v. Sandler, 62 F.2d 80.

The testimony shows that the bankrupt, a pharmacist who operated a small drug store at York, Pennsylvania, failed to keep an inventory for five or six years before the adjudication. It further shows that the only book of account turned over to the trustee was one showing his daily sales, and that there was no record in this book of receipts covering four months shortly before the adjudication. The bankrupt did not turn his checkbooks, canceled checks, and bank records over to the trustee. He testified that he did not know what had become of these records. Under the amendment of 1926, those facts alone are enough to require a more convincing explanation than has been given.

The special master's findings should be sustained unless clearly improper or without evidence to support them: Callaghan v. Myers, 128 U.S. 617, 666, 9 S.Ct. 177, 32 L.Ed. 547; In re Weisberger, D.C., 41 F.2d 275.

And now the recommendation of the special master that the discharge be denied is approved.