Nathan Hamburger and Rome & Rome, all of Baltimore, Md., for bankrupt.

C. Damar McKenrick and Bartlett, Poe & Claggett, all of Baltimore, Md., for trustee.

## In re FINEMAN et al.
### No. 9261.

District Court, D. Maryland.

March 29, 1940.

**CHESNUT**, District Judge.

Under the amended Chandler Bankruptcy Act of 1938, 11 U.S.C.A. § 1 et seq., objections to the discharge of a bankrupt are now customarily heard by the referee, with right of petition for review of his order in granting or refusing the discharge. On September 29, 1939 the referee made orders refusing discharges to Jerome Fineman and Leon Silberstein after taking testimony and hearing counsel. Fineman only has petitioned for review of the order. His discharge was denied by the referee for two reasons: (1) because the bankrupts failed to keep books of account or records from which their financial condition and business transactions might be ascertained, and (2) because they failed to explain satisfactorily losses of assets or deficiency of assets to meet liabilities. See Chandler Act, § 14, sub. c (2, 7), 11 U.S.C.A. § 32 sub. c (2, 7).

The referee has filed a certificate of his findings of fact and conclusions of law and with it certain exhibits pertaining to the financial affairs of the bankrupt; but the testimony was not stenographically reported and therefore the facts are to be found only in the certificate of the referee and from papers in the case. From these it appears that the bankrupts started in business as a retail ladies' and children's spe-

cialty shop in Baltimore on or about September 8, 1938, with a paid in capital of $15,000 cash. After operating for about eight months only they filed schedules in bankruptcy showing liabilities of over $37,-000 and assets of a little over $22,000. A first distribution account has been filed with a dividend of only 5% to creditors and the trustee states there will be a further dividend of only approximately 5%, making a total realization by unsecured creditors (in amount over $34,000) of about 10%. The amounts realized by the receiver and trustee seem to have been not more than $10,000. The gross business done in the eight months' period was apparently less than $70,000. Nevertheless an examination of the books of account by competent accountants indicated a gross loss on sales of $943.64 before deducting operating expenses; and a net loss for the period after deducting operating expenses of $30,868.54. As the bankrupts started business with cash and were therefore able to buy new goods and were not hampered by an old inventory, the accountants concluded that the very large apparent losses were explainable only on the theory of a removal of merchandise or a suppression of sales.

The principal contention now made by counsel for Fineman is that the referee's conclusion that the bankrupts had not satisfactorily explained the losses was based on the prior finding that they had failed to keep books from which their financial condition and business transactions might be ascertained; and that the latter finding was based by the referee, it is contended, primarily on his statement of fact that the bankrupts' own accountant who set up their books for them had informed them that they should keep a book called a "mark-up and mark-down" of merchandise. It is contended by counsel for Fineman that the referee was mistaken in finding as a fact that there was testimony to this effect. And it is further argued that as the referee's finding in this respect was mistaken, his whole conclusion falls because there was no obligation on the bankrupts to keep such a book. However, on reading the very full and detailed certificate of the referee, and inspecting other papers in the case, it does not appear that the conclusions of the referee were based solely or even very materially on this one fact. On the contrary even if this question of fact were eliminated there are still ample grounds for the conclusion of the referee that the bankrupts have not satisfactorily explained their losses, and therefore the order of the referee is hereby *affirmed*.

The point made by counsel for the bankrupt in challenging the correctness of the referee's certificate raises a question of the proper procedure on petitions to review orders of the referee, especially in the matter of an application for the discharge of a bankrupt. It is said that in many such cases the bankrupt does not have available funds to have the testimony before the referee stenographically reported, transcribed and submitted to the court on the appeal from the referee. To meet this situation it is urged that the court should review the case on the facts *de novo*. In the particular case, for the reasons above stated, it was not thought necessary to reopen the case on the facts although the court expressed its willingness to hear additional testimony if desired; but as it is said there is some uncertainty as to the proper practice in such cases, it is perhaps worth while to call the attention of counsel to the proper procedure.

Order No. 47 of the "General Orders And Forms In Bankruptcy" established by the Supreme Court effective February 13, 1939 (see 305 U.S. page 22 appendix, 11 U. S.C.A. following section 53) provides as follows: "Unless otherwise directed in the order of reference the report of a referee or of a special master shall set forth his findings of fact and conclusions of law, and the judge *shall accept his findings of fact unless clearly erroneous*. The judge after hearing may adopt the report or may modify it or may reject it in whole or in part or may receive further evidence or recommit it with instructions." (Italics supplied.)

And Rule 5 of the Bankruptcy Rules of this court, effective April 10, 1936, provides: "In certifying to the court questions covered by petitions to review, the referee shall include in his findings of facts, a summary of the testimony on which such findings are based, and shall then give his conclusions on the law."

In the present case the referee has very fully complied with this rule, and the effect of his certificate as to the facts is, in accordance with general Order 47, that "the judge shall accept his findings of fact unless clearly erroneous". Where the petitioner for review challenges the accuracy of the referee's certificate of the facts, his counsel must make it appear to the judge that the referee's certificate in

this respect is "clearly erroneous". Thus, where the testimony has been reported, transcribed and returned by the referee, counsel for the petitioner should point out that portion or portions of the transcribed testimony which show the alleged error of the referee. If the testimony has not been reported and returned, counsel should make some other satisfactory prima facie showing as to probable error in the referee's certificate, coupled with a showing as a matter of law that the error was prejudicial in view of the case as a whole, as a condition to the submission of further testimony in court. Such a prima facie showing of error can of course be made by a statement of counsel that the referee was mistaken in his summarization of the testimony before him, with an offer of proof by the testimony of a witness or witnesses then and there available for that purpose. If the alleged error in the certificate is one of omission of material facts, an offer of proof bearing on the point can then be made by counsel if witnesses are then and there available; and in that event the judge may either personally hear the testimony on the omitted point or refer the case back to the referee to hear it with instructions to file an amended or supplemental certificate. Of course nothing herein said is intended to limit the full discretion of the judge in hearing any or all parts of the case *de novo* if he thinks it proper to do so, in accordance with general Order No. 47. But in general the attention of counsel is directed to the rule that ordinarily the certificate of the referee as to the facts will be accepted by the judge unless it is in some proper way shown to be clearly erroneous. See Davis v. Schwartz, 155 U.S. 631, 15 S.Ct. 237, 39 L.Ed. 289; Wingert v. Hagerstown Bank, 4 Cir., 41 F.2d 660; Gilbert's Collier on Bankruptcy, 4th Ed., p. 641.

It should also be called to the attention of counsel, in order to avoid unnecessary expense in connection with petitions to review, that there may be no necessity to have the whole of the testimony before the referee written up but only such part or parts thereof as may have a direct and important or controlling bearing on that special part of the referee's certificate which is to be challenged on the petition for review. And it is suggested that the necessity for transcribing testimony taken before the referee could probably be entirely obviated in most cases if counsel petitioning for a review will call the referee's attention to the particular part or parts of his certificate of the facts which is to be challenged; and obtain from the referee a further or supplemental certificate with regard thereto, before the hearing of the petition in court. If counsel will act on these suggestions it is probable that hearings on petitions to review orders of the referee will be expedited and expense lessened.

I will add that Judge COLEMAN concurs generally in the views above stated as to the proper practice in such matters.