## In re SCHECHTER.
## No. 40424.

District Court, E. D. New York.

March 31, 1942.

Lee C. Rothstein, of New York City, for bankrupt.

Robert I. Ruback, of New York City, for trustee.

ABRUZZO, District Judge.

The referee in bankruptcy denied a discharge to the bankrupt herein. This motion has been brought to review that decision and order thereon and to reverse the same.

The first specification of objection which alleged a failure on the part of the bankrupt to keep books and records from which his financial condition and business transactions might be ascertained was sustained by the referee.

At the hearing of the objections to the discharge, it was disclosed that the bankrupt repaid a loan just prior to the filing of his petition to one Ortner (page 18 of S.M.). This loan was paid in cash but no record of that payment was entered on the books of the bankrupt. In the asset column of an audit sheet introduced into evidence (trustee's Exhibit 7), there appeared an item of a truck. Nothing appears in the books and records of the bankrupt which relate to a truck (page 6, S. M.).

Cash proceeds were taken from the income of the business and used by the bankrupt to pay the doctors' bills for his mother. No record was made of these withdrawals, the bankrupt maintaining that he felt it was not necessary since they had nothing to do with this business (page 19, S.M.).

It was also disclosed at the hearing that the bankrupt wagered on horseraces and prizefights and gambled at cards, using the business' funds. Again, he explained the lack of entries regarding these withdrawals as not being concerned with his business.

Upon being asked "When you took the extra cash did you make a record of it any where?"; he answered, "No." (page 19, S.M.). It appears that some of the cash belonging to the business did not even reach the bank account, the bankrupt having taken it directly from cash collections.

Under the circumstances, the referee was justified in sustaining the first specification of objection.

The purpose and intent of the Bankruptcy Act is to make the privilege of discharge dependent on a true presentation of the debtor's financial affairs. His books should indicate an honest ef-

fort to reflect his entire business. See Matter of Underhill, 2 Cir., 82 F.2d 258; Matter of Weiner, D.C., 28 F.2d 881.

The bankrupt has failed to meet these requirements. Motion to review the decision and order of the Referee denying the bankrupt's discharge and to reverse said order is denied.

Settle order on two (2) days' notice.