**In the Matter of Donald LINDHOLM, Bankrupt.**

**No. 9456.**

United States District Court
D. North Dakota, Northeastern Division.

Oct. 4, 1955.

Robert A. Alphson, Grand Forks, N. D., for Lee Brothers, petitioners.

George Longmire, Grand Forks, N. D., for the trustee in bankruptcy.

DAVIES, District Judge.

This is a Petition for Review of an order of the Referee in Bankruptcy allowing John H. Lee and Loyd Lee, doing business as Lee Brothers, less than the amount to which they claim to be entitled in the distribution of the assets of the bankrupt, Donald Lindholm.

Lee Brothers leased 155 acres of sugar beet land to Lindholm during the 1950 farming season under a written contract, by which he was to give them as their share of the crop two tons of sugar beets per acre, of the estimated value of about $4,480. The entire 155 acres was seeded to sugar beets, but because of drought at the time of planting, poor germination resulted and 51 acres were abandoned in accordance with Federal Government authorization. The beet crop harvested from the other 104 acres produced a net income of $1,692.51 to Lindholm and Lee Brothers, as their interests might appear. This money came into the possession of the Trustee in Bankruptcy appointed in the course of proceedings following Lindholm's adjudication as a bankrupt on November 21, 1950.

For the 1950 farming season Lindholm and Lee Brothers, as "operator-producer" and "other producers" respectively, received separate sugar beet subsidy payments from the Federal Government pursuant to the conditional payment provisions of the Sugar Production and Control Act, 7 U.S.C.A. §§ 1131–1137. The total subsidy payment was computed on the basis of actual yield of commercially recoverable sugar, deficiency from normal yield, and abandoned acreage. Both parties signed the

same Application for Payment which provided for distribution of 42.688% of the payment to Lindholm and 57.312% to Lee Brothers. These percentages were determined by a reference to the respective interests of the parties under their farm contract. Although the contract contained no provision as to the subsidy payments, the parties informally agreed, understood, and intended that any payment received by Lee Brothers was to apply on the rent. The percentage payment received by Lee Brothers for 1950 was $1,341.47.

The Referee in Bankruptcy held that Lee Brothers were not entitled to this payment, on the ground that it was not part of the crop in which they had an interest but was strictly the property of Lindholm for his performance of production and conservation practices. The Referee determined that Lee Brothers were only entitled to the $1,692.51 representing crop proceeds, and after offsetting the amount of the government subsidy they had already received, entered an order that $351.18 be paid to them. From this order the present appeal was taken.

Lee Brothers filed their Petition for Review under 11 U.S.C.A. § 67, sub. c. Agreeable to 11 U.S.C.A. § 11, sub. a (10), this Court has considered further evidence adduced upon the hearing, the records, findings and the order of the Referee as certified in his Certificate on Review. It is the opinion of this Court that the Referee's findings and order were clearly erroneous.

 The decision to reject some of the findings and the order of the Referee in Bankruptcy is made with reluctance since the error doubtless resulted from the fact that there was little judicial authority to aid the Referee in the solution of the problem. This Court inherently has a more fundamental responsibility in bankruptcy matters than an ordinary appellate tribunal, and in the interests of justice it must carefully review the judicial functions of the Referee and, in its discretion, receive additional evidence

where necessary or proper. See Dunsdon v. Federal Land Bank of St. Paul, 8 Cir., 1943, 137 F.2d 84. The Referee is not a court but an officer or arm of the Court and has no independent judicial authority which lies beyond the range of review of the bankruptcy court. Heiser v. Woodruff, 10 Cir., 1945, 150 F. 2d 867, certiorari denied 326 U.S. 778, 66 S.Ct. 271, 90 L.Ed. 471. The only limitation on the power to review the Referee's actions is the provision of General Order 47 (following 11 U.S.C.A. § 53) that "the judge shall accept his findings of fact unless clearly erroneous." 2 Collier, Bankruptcy (14th ed. 1940), 1498; In re Fineman, D.C.Md.1940, 32 F.Supp. 212, 213–214. The Referee's error was clearly shown in the instant case.

Simply stated, the issue is whether the landlord or the tenant of sugar beet land is entitled to an authorized government subsidy payment made directly to the landlord pursuant to an informal agreement that such payment shall apply on the rent payable under their written farm contract.

 It is the opinion of this Court that the landlord is entitled to such subsidy payment. It is true, as the Referee stated in his Certificate on Review, that the government payment was not part of the crop in which Lee Brothers had an interest. Noska v. Mills, Tex.Civ.App. 1940, 141 S.W.2d 429. It is also true, as the Referee stated, that this payment was made to Lee Brothers because of Lindholm's compliance with government requirements in the farming of sugar beets. But conceding these facts does not necessitate the conclusion that the payment was the property of Lindholm. Neither the government nor Lindholm himself regarded it as his. The government gave separate percentage payments to Lindholm and Lee Brothers upon their own signed application, based on what the government regarded as their respective interests under the written farm contract. Lindholm informally agreed with Lee Brothers that the subsidy payment received by them was to be applied

as part payment of the rent payable under the farm contract. Such informal agreement was valid because, being capable of performance within a year, it was not required to be in writing under N.D. Rev.Code (1943) § 9–0604. Bergh v. John Wyman Farm Land & Loan Co., 1915, 30 N.D. 158, 152 N.W. 281.

The problem is not whether the government subsidy payment constituted part of the crop within the provisions of the written farm contract but whether it was the subject of a valid collateral and independent contract. The matter has been considered in Noska v. Mills, supra. There the landlord and tenant of farm land were operating under a written contract by which they were to share equally in the produce of the farm, and the tenant received and appropriated the sum of $81.11 paid as a cotton subsidy under the Agricultural Adjustment Act, 7 U.S.C.A. § 601 et seq. The court held that the amount paid to the tenant by the Federal Government as a subsidy or bonus for idle land was not a crop within the meaning of the statutory landlord's lien law, but since the farm contract provided that landlord and tenant were to share equally in farm produce the government subsidy payment should have been divided equally on the theory of implied contract, and the tenant would therefore be liable for conversion of half the payment. This case determined that even where the parties did not expressly agree as to a division of subsidy payments, a division would be made in accordance with their respective interests under farm contract.

A similar case from North Dakota gave effect to the intent of the parties as evidenced by their informal agreement. In that case, Southall v. Mickelson, 1938, 68 N.D. 191, 277 N.W. 601, 120 A.L.R. 693, the landlord and tenant of farm land were operating under a written contract providing that they should share equally in proceeds from the sale of crops and livestock. The North Dakota Supreme Court held that corn and hog subsidy payments to them from the Federal Government under the Agricultural Adjustment Act, 7 U.S.C.A. § 601 et seq., should be divided between landlord and tenant in accordance with their rights in contracts with the Agricultural Adjustment Administration, because the evidence disclosed that this was their intention. However, the court stated, 68 N.D. at page 194, 277 N.W. at page 602, 120 A.L.R. at page 695: "If it were the intention of the parties that the moneys received by the parties should be utilized for the purpose of paying whatever indebtedness existed in favor of one of the parties as against the other, then, of course, such understanding would be valid and given effect."

Accordingly, effect will be given to the intention of Lindholm and Lee Brothers, as evidenced by their informal agreement that the government subsidy payment to Lee Brothers was to apply on the rent payable by Lindholm to them under the formal agreement.

The order of the Referee in Bankruptcy is reversed, and the matter is remanded to the Referee with instructions to enter an order directing payment to Lee Brothers of the full sum of $1,692.51, without deduction or offset for the government subsidy payment received by Lee Brothers.

It is so ordered.