In the Matter of Samuel V. BARNES and Frank V. Messenger, Individually and Co-partners trading as Barnes-Messenger Company, Bankrupts.

No. 24795.

United States District Court
E. D. Pennsylvania.

Sept. 3, 1958.

Herman N. Silver, Philadelphia, Pa., for bankrupts.

Anthony A. Mandio, Bristol, Pa. (Eastburn, Begley & Fullam, Bristol, Pa.), for trustee.

LEAHY, District Judge.

The Referee discharged the bankrupt over objection of a creditor. The objections: 1. bankrupt failed to keep books; 2. obtained credit by making a false statement as to financial status; 3. within 12 months transferred real estate to respective spouses as tenants by the entireties without consideration. A fourth objection was lodged but is not here for determination. Likewise, the points on failure to keep books and the alleged issue of a false financial statement are out of the case on the basis of the findings of fact by the Referee. Clearly, the record supports his conclusions on this phase of the case. What is left is the alleged conveyance of the real estate by bankrupts with intention to defraud creditors.

1. The evidence before the Referee shows the alleged conveyance was to correct an error in the original deed because the wives *had* given consideration at the time the property was conveyed. The single question remains whether under § 14, sub. c of the Bankruptcy Act 11 U.S.C.A. § 32, sub. c, is there reason against discharge. There were, as the record shows, extensive hearings before the Referee under § 21 A. Nine months were available to objecting creditor for his assault against any acts condemned by § 14, sub. c. of the Act. Objecting creditor has not met the burden of proof. Such burden does not shift to the bankrupts merely upon suspicious circumstances. In re Tumen, D.C.N.J., 58 F. Supp. 210, affirmed 3 Cir., 146 F.2d 268; Matter of Cohen, 2 Cir., 206 F. 457; Matter of Howard, 2 Cir., 180 F. 399.

2. There is no evidence the bankrupts issued to any creditor a false statement in writing as to financial condition.

3. There is no evidence bankrupts conveyed real estate within the statutory period with intent to defraud creditors. Both at the § 21 A and the hearings to bar discharge the evidence shows that more than five months before the act of bankruptcy the conveyance of the real estate was to correct an error in the original deed which omitted the names of the wives. The evidence in support of this was not refuted; and no other evidence was offered in support

of the objecting creditor. See Remington, Bankruptcy (4th Ed.) § 3316, p. 543. The objecting creditor brought forth no evidence which tended to shift the burden on the bankrupts to disprove the charges of fraud.

4. General Order 47, 11 U.S.C.A. following section 53, gives weight to the findings of a Referee. See, too, Remington (6th Ed.) § 3418, p. 312 et seq.; Digests of American Bankruptcy Reports (N.S.) § 94. Findings of fact of the Referee are acceptable unless clearly erroneous. Kowalsky v. American Employers' Insurance Co., 6 Cir., 90 F.2d 476; Matter of Gustav Schaefer Co., 6 Cir., 103 F.2d 237; Matter of Mendota Bldg. Co., 7 Cir., 92 F.2d 644; Matter of Fineman, D.C.Md., 32 F.Supp. 212; Matter of Jones, D.C.Pa., 33 F.Supp. 463.

An order should be submitted affirming the findings of the Referee as to discharge of the bankrupt.