In re POPIK.

No. 30113.

District Court, E. D. New York.

March 29, 1937.

Isidore L. Rosenzweig, of New York City, for bankrupt.

David Scher, of New York City, for objecting creditor.

BYERS, District Judge.

Motion to confirm referee's report granting discharge.

The only specification deals with the bankrupt's failure to keep books or records from which his financial condition and business transactions might be ascertained, while conducting business under his own name. It is alleged that he did "destroy and conceal all his books of account and records from which his financial condition might be ascertained * * *."

This is a no-asset case, and the referee's report is that "the character of the business conducted by the bankrupt did not require or warrant the keeping of books or records," citing Matter of Trefel Lepine (D.C.) 4 F.Supp. 808 [Affirmed (C.C.A.) 70 F.(2d) 1017].

There it appeared that the bankrupt's debts arose under leases of premises occupied by a realty corporation of which he was the sole stockholder, and that he had no other assets. That corporation apparently became bankrupt.

During the three years that ensued, the bankrupt worked at times as an upholsterer at a salary, and neither sought nor obtained credit. This court held that, because of the facts presented, there had been no showing of a requirement to keep books and records, and consequently a discharge was granted, although the referee had held otherwise.

That case was so unlike this, that the distinguishing aspects are apparent.

The discussion of the law on this subject in Matter of Underhill (C.C.A.) 82 F.(2d) 258, 260, makes clear the necessary disposition of this application.

This bankrupt maintained a business enterprise of his own, in the repairing and remodeling of fur garments, and in designing and selling fur garments. He had been so engaged for upwards of six years during that portion of his time not devoted to earning a salary as an employee of others. He kept his own establishment busy during the dull or off seasons, when employment by others was not available.

It is true that the activity was conducted in three rooms of his living quarters, which does not change its essential nature. He employed one and sometimes two helpers, and had a modest equipment of trade paraphernalia.

During the year 1934, he purchased over $2,000.00 of skins from the objecting creditor, and in 1935 down to his bankruptcy the amount of purchases was $1,-600.00. He said that at times he bought from other dealers.

The bankruptcy followed a general assignment and during the preceding period of less than three months his purchases totaled $864.55.

These credit transactions were of sufficient importance to involve the keeping of records for the purposes discussed in the Underhill Case, and others, which means that the referee's opinion, that the enterprise was too small to require any keeping of books, cannot be accepted.

It is equally important that the bankrupt did keep some records, which if now available, might have been informative. He made entries on index cards of his several jobs, and says he kept his invoices until the bills were paid. But, when the friendly assignee took possession, he found nothing whatever in the way of records. The two sources of information described by the bankrupt, if assembled, might have formed a sufficient basis for checking "against the mere oral statement or explanations made by the bankrupt." Matter of Underhill, supra.

The referee's report therefore is not in accord with the testimony, if it is intended to state that the bills and cards kept by the bankrupt were turned over to the assignee.

It is not the size of the enterprise which alone determines the necessity for keeping books and records, but its nature. This bankrupt operated a business which involved obtaining credit, and those from whose debts he now seeks discharge have not been accorded the opportunity which the law contemplates, of ascertaining the true condition of his affairs. That is not their fault but his.

There is a suggestion that the bankrupt deliberately evaded the provisions of the federal taxing statutes touching the fur manufacturer's excise tax, under which there is a requirement to keep accurate records and accounts of all transactions. Whether the argument is sound in the light of the testimony, need not be discussed. The point is that there seems to have been a particular reason why this bankrupt should have had something in writing of an orderly nature, to explain the course of his business affairs.

Motion to confirm report denied; discharge refused.

Settle order.