## In re MARKMAN.

District Court, S. D. New York.

May 7, 1941.

Jacob Zelenko, of New York City, for bankrupt.

Sidney Salant, of New York City, trustee.

MANDELBAUM, District Judge.

Petition to review a referee's order which struck out the specification of objection and granted the bankrupt's discharge.

In opposition to the discharge, the trustee charged that the bankrupt failed to keep books or records from which his financial condition and business transactions might be ascertained, as required by § 14, sub. c, of the Bankruptcy Act, 11 U.S.C.A. § 32, sub. c.

It was established at the hearing before the referee that the bankrupt was the proprietor of a "one-man" retail dry goods store; that his annual gross business approximated $12,000; and that his general credit in the market was about $2,500, inasmuch as the credit extended to him at times aggregated that amount. It appears that in March, 1939, the bankrupt made a settlement with creditors, paying some proportion of his debts, but the details are not disclosed. At about that time the stock on

hand was valued at about $3,000. Apparently between March and May, 1939, this stock was totally disposed of, the bankrupt testifying that it was sold piecemeal at great sacrifice and that he sustained a heavy loss thereon. Although it does not appear in this record, allusion has been made by both counsel to the fact that the bankrupt's wife, within a short time after the bankrupt himself went out of business, opened a dry goods store in the same vicinity.

The only records brought to light are, first, a two-page list of names and addresses of certain persons to whom the bankrupt claims he was indebted to and the amounts of such debts. The bankrupt testified that these were his creditors in March, 1939, and that he prepared the list from his file of unpaid bills. The unpaid bills themselves, however, were not produced. Their absence is explained by the bankrupt, who stated that he left this file in the store when he closed it up in May, 1939, and hasn't seen them since.

From the record, it appears that this list was prepared in conjunction with the attempted composition referred to above, in which the bankrupt was represented by his present attorneys. It is significant that the bills, which might have formed the basis of corroboration for the bankrupt's list, could be so carelessly lost, especially when he had advice of counsel.

The other records, a series of rent receipts, a checking account deposit book for the period June, 1937, to March, 1938 (with no checks to complete the record of the account), a series of cancelled promissory notes to various persons made during a period from August, 1938, to February, 1939, and certain notices of arrears from the City Sales Tax authorities, are insufficient to form the basis of an analysis of the bankrupt's business transactions for any period.

He has testified that he kept no record of receipts for any time subsequent to March, 1938. The bankrupt's testimony that he liquidated the entire stock of goods, valued at $3,000, between March and May, 1939, and used the money to pay his creditors, is not supported by any written record. This and other factors lead to the conclusion that his financial condition is incapable of being reasonably reconstructed from these records.

This case falls squarely within the doctrine enunciated in Re Popik, D.C. E.D.N. Y., 18 F.Supp. 717, 718. There the bankrupt conducted a business even smaller than in this case, and the credit extended there was not as great. Judge Byers said: "It is not the size of the enterprise which alone determines the necessity of keeping books and records, but its nature. This bankrupt operated a business which involved obtaining credit, and those from whose debts he now seeks discharge have not been accorded the opportunity which the law contemplates, of ascertaining the true condition of his affairs. That is not their fault, but his".

In re Underhill, 2 Cir., 82 F.2d 258, the court stated that the test in each case was whether a complete disclosure was dependent upon the keeping of records and if it was, then a failure to keep same must prevent discharge. Further support may be found in Re Northridge, D.C.S.D.N.Y., 53 F.2d 858; and in Re Weiner, D.C.Maryland, 28 F.2d 881. I have examined the cases cited by the bankrupt and find that they are not in point.

In view of the above I can find no evidence in the record to support the conclusion reached by the referee. The burden of justification which the act places upon the bankrupt (Nix v. Sternberg, 8 Cir., 38 F.2d 611, certiorari denied 282 U.S. 838, 51 S.Ct. 20, 75 L.Ed. 744) has not been sustained.

The order of the referee is reversed and the discharge denied.