## In re MARKMAN.
### No. 75050.

District Court, S. D. New York.
Sept. 10, 1941.

Jacob Zelenko, of New York City, for bankrupt.

Sidney Salant, of New York City, for Nocor Corporation, creditor.

RIFKIND, District Judge.

The bankrupt makes two motions, one that the question of his discharge previously denied, be again referred to the referee for a hearing, the other for a stay pending disposition of the first.

On the original application the referee granted the bankrupt's discharge. On review by the district court the referee's order was reversed and discharge denied. The ground of the reversal as stated in an opinion rendered by the U. S. District Court on May 7, 1941, 41 F.Supp. 94, was the failure of the bankrupt to keep proper records. The papers before me do not disclose on what day notice was received by the bankrupt of the entry of the order of reversal.

Subsequently, the attorney for the bankrupt and the attorney for the objecting creditor entered into a stipulation purporting to extend the bankrupt's time to appeal from the order of reversal. Pursuant to that stipulation a notice of appeal was filed. It is conceded that such filing took place on a day beyond the date permitted by statute within which to take an appeal. Bankruptcy Act, Section 25, sub. a.

In support of the motion for rehearing the bankrupt states that he has discovered evidence which could not be found on the occasion of the first hearing. He claims that this constitutes a sufficient record to justify granting him his discharge. He further contends that the notice of appeal filed by him is without effect and that, therefore, this court is not precluded from acting upon his application by reason of the pendency of an appeal.

An appeal taken beyond the time prescribed by statute confers no jurisdiction upon the Appellate Court. Rule 6(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c; 8 Remington on Bankruptcy, 4th Edition, Section 3835; Southern Cotton Oil Co. v. Elliotte, 6 Cir., 218 F. 567; In re Glazer's, Inc., 2 Cir., 66 F.2d 513.

The matter is jurisdictional and the time can neither be extended nor the limitation

thereof waived. United States v. East, 8 Cir., 80 F.2d 134; Shreiner v. Farmers' Trust Co., 3 Cir., 91 F.2d 606, Certiorari denied 302 U.S. 686, 58 S.Ct. 36, 82 L.Ed. 530.

It follows that the stipulation extending the time within which to take the appeal was utterly void and without legal effect; that the Circuit Court of Appeals never obtained jurisdiction thereby and, therefore, that the District Court is fully empowered to deal with this application.

Granting of a rehearing is within the court's discretion and there is precedent for granting it under the circumstances described in the instant case. In re Slohm, D. C., 11 F.Supp. 928.

In order to prevent possible injustice the rehearing is granted and the matter is referred to the referee in charge of the proceeding to hear and determine. Since it appears that a judgment creditor has taken steps to obtain the appointment in the state courts of a receiver in supplementary proceedings, the application for a stay is granted.

Submit orders.