In the Matter of **MAY LEE INDUS-
TRIES, INC.,** Debtor-in-
Possession.
**No. 74 B 166.**

United States District Court,
S. D. New York.

Sept. 26, 1975.

**410**

David C. Buxbaum, New York City, for appellant, debtor-in-possession.

Otterbourg, Steindler, Houston & Rosen, P. C. by Glenn B. Rice, New York City, for appellee-petitioner.

## MEMORANDUM AND ORDER

BRIEANT, District Judge.

Debtor-in-possession has appealed from three separate Orders made by Hon. John J. Galgay, Bankruptcy Judge of this Court, dated respectively September 4, 1974, October 11, 1974 and October 17, 1974. Also before us for review is a Supplemental Order obtained on an *ex parte* basis on September 5, 1974 before Hon. Roy Babitt, a Bankruptcy Judge acting during the absence or unavailability of Judge Galgay.

The relevant history of these proceedings is a matter of record in our Court. Two banks, holding security interests, had brought reclamation proceedings against the Debtor-in-possession. By an Order dated June 14, 1974, Bankruptcy Judge Galgay granted motions made by the banks, adjudged that they each had perfected valid security interests with respect to all the assets of the Debtor, and made the customary directions which permitted the secured creditors to reclaim all inventory and goods and all other tangible or intangible property of the Debtor, including, without limitation, fixed assets, fixtures and equipment, all as therein more specifically set forth. That Order of June 14, 1974 directed the Debtor to turn over the secured property to the banks, and ordered that the Debtor, its officers, employees, agents and representatives "take no action to hinder or delay" the banks from their reclamation.

The Debtor appealed, and the Order of June 14, 1974 was affirmed by the District Court on July 19, 1974 (Judge Ward). Thereafter, the United States Court of Appeals affirmed on August 21, 1974 (No. 1249, August 21, 1974).

After August 29, 1974, when the mandate of the Court of Appeals issued, the Debtor moved in the Bankruptcy Court for an order staying enforcement of the liens and reclamation of the same secured assets on the grounds that the banks had unclean hands. This relief was denied by Bankruptcy Judge Galgay on September 4, 1974 by one of the orders appealed from, which order specifically authorized the secured creditors to proceed forthwith with the enforcement of their reclamation rights.

Apparently, the secured creditors considered themselves impeded in some fashion by the Debtor, and because its premises were locked, obtained a Supplemental *ex parte* Order from Judge Babitt, signed September 4, 1974, which empowered the United States Marshal in this District "to use whatever reasonable force that is necessary to gain access to the premises . . . wherein the goods in which [the banks] have a security interest are stored." To secure the Marshal and the Debtor for "all legal costs

and damages which may be sustained by reason of the Marshal's forced entry," and for other purposes therein stated, the banks were required to and did file a bond in the amount of $100,000.00.

On October 9, 1974, Bankruptcy Judge Galgay heard a motion by the Debtor for an order directing the forfeiture of the entire bond. His Order denying that motion, entered October 17, 1974 is also under review. Meanwhile on October 11, 1974, Judge Galgay dismissed the proceedings of the Debtor. That Order is also before us on this appeal.

The principal contention of the Debtor on these appeals, simply stated, is that, notwithstanding the mandate of the Court of Appeals approving the prior reclamation Orders, the banks cannot enforce the security interests which the Court of Appeals has adjudicated to be valid, because the Bankruptcy Court is a court of equity, and the banks have Unclean Hands.

In support of this argument, and on the issue of Unclean Hands, the Debtor charges that the banks, or persons acting in their behalf, engaged in misconduct extrinsic to the security interests, in that they threatened and harassed employees of the Debtor, asserted that its employees owed no loyalty to the Debtor, told them they might go to jail, wrongfully interrogated those employees causing them to quit, harassed non-employee agents of the Debtor, made false statements concerning the attorney for the Debtor and physical threats, caused destruction of property, and took corporate papers contrary to the Court Order pursuant to which they purported to act. It is also charged that the banks, or their agents and employees, asserted to the customers of the Debtor that the Debtor was out of business, and engaged in a wrongful breaking and entering of the Debtor's premises.

To the extent that any of this wrongful conduct took place prior to the mandate of the Court of Appeals, the question of Unclean Hands must be deemed to be barred by *res judicata*.

The decision of a court of equity speaks as of the date of the decree. It ". . . adjudicate[s] the rights of the parties as of that time with provision for the enforcement of rights to accrue in the future . . . ." *Stonega Coke and Coal Co. v. Price,* 106 F.2d 411, 419 (4th Cir.) (Parker, J.), *cert. denied* 308 U.S. 618, 60 S.Ct. 263, 84 L.Ed 516 (1939); *Overfield v. Pennroad Corp.,* 42 F.Supp. 586, 616 (E.D.Pa.1941), *supplemented* 48 F.Supp. 1008 (E.D.Pa.1943), *affirmed,* 146 F.Supp. 889 (3d Cir. 1944).

On the date that the mandate of the Court of Appeals issued, the right of the banks to the secured property was fixed. Viewing the Debtors pleading and affidavits, which were before the Bankruptcy Judge, in their most favorable light, such misconduct as is claimed to have occurred subsequent to the date of the mandate of the Court of Appeals is insufficient on its face to invoke a forfeiture of the banks' security interests, and any wrongful conduct prior in time to the mandate must be deemed merged in the judgment, and barred as *res judicata.*

It is unconscionable conduct to impede the execution of orders issued by a Bankruptcy Judge pursuant to the mandate of the Court of Appeals and after an issue has been litigated to finality. No person has any right to bar the door to the United States Marshal when he is executing orders issued pursuant to such a mandate. Of course, should the Marshal use unnecessary force, or seize the wrong property, any person damaged thereby will be entitled to assert his remedy before the Bankruptcy Judge. But issuance of the Orders of Bankruptcy Judges Galgay and Babitt of September 4 and 5, 1974 was absolutely necessary and proper under the circumstances of this case.

The Order of October 11, 1974 dismissing the proceedings seems entirely justified. By that date, as noted above, it had been adjudicated with finality that the banks had valid and en-

**412**

forceable security interests, literally, in all of the Debtor's tangible and intangible assets. The banks had enforced these security interests and taken lawful possion of the assets. It is elementary that no successful reorganization is possible of a Debtor which has no assets, tangible or intangible.

Unfortunately, we have been presented with no minutes of the hearing before Judge Galgay on October 9, 1974 resulting in the Order of October 17, 1974 also appealed from, in which he denied the Debtor's motion to forfeit the bond. It was suggested on oral argument in the District Court, that the Bankruptcy Judge treated that motion as frivolous, made no findings of fact, and denied it from the bench without hearing counsel for the respondent banks. Although a transcript of the hearing is on the list of designated papers, we find none on file.

■ We find no fault in this procedure in a proper case, but such a determination of a motion by a Bankruptcy Judge cannot be relied upon on appeal as "findings of fact" which must be accepted unless clearly erroneous (Rule 810, Rules of Bankruptcy Procedure).

■ However, as to this October 17, 1974 Order, we do not reach the merits. It is clear that the appeal was filed on October 29, 1974, which was too late. See Rule 802(a) of the Bankruptcy Rules, effective July 1, 1974, which requires such appeals to be filed within ten (10) days. Although application to enlarge the time could have been made to Judge Galgay within that period, this was not done. The late filing constitutes a jurisdictional defect which deprives this Court of the power to review that Order. *In re Butts*, 123 F.2d 250 (2d Cir. 1941); *In re Country Club Building Corp.*, 128 F.2d 36 (7th Cir. 1942); *In re Markman*, 41 F.Supp. 95 (S.D.N.Y.1941).

We affirm the Order of September 4, 1974 as supplemented by the Order of September 5, 1974, on the merits. On its face, it was a clear, proper and necessary judicial act to give vitality and

meaning to the final decision and mandate of the Court of Appeals of this Circuit. Failure to have issued such an order would have been a reprehensible shirking of judicial duty.

The appeal from the Order of October 17, 1974 is dismissed for want of jurisdiction, and the other Orders appealed from are affirmed.

So ordered.