In re PACIFIC SALES CO.,
INC., Bankrupt.

PACIFIC SALES CO., INC., Plaintiff,

v.

PUERTO NUEVO REALTY CORP.,
Defendant-Third Party Plaintiff,

v.

Eugenio J. GEIGEL, Third Party
Defendant.

Bankruptcy No. B–77–196(B).

United States Bankruptcy Court,
D. Puerto Rico.

Aug. 11, 1981.

Robert J. Griswold, San Juan, P. R., for plaintiff.

Moreda & Moreda Toledo, San Juan, P. R., for Puerto Nuevo Realty Corp.

Otero Suro & Otero Suro, Hato Rey, P. R., for Eugenio J. Geigel.

ORDER

W. H. BECKERLEG, Bankruptcy Judge.

On June 19, 1980, judgment was entered in favor of plaintiff and against the defendant and the third party defendant in these adversary proceedings.

Eugenio J. Geigel, the third party defendant, moved for reconsideration and at a hearing held July 23, 1980 the motion was denied except as to three issues which were taken under consideration; at the same time Geigel's time to appeal from our judgment of June 19, 1980 was extended "for a period of ten (10) days commencing on the date in which any Order regarding the Motion for Reconsideration be docketed."

On Oct. 28, 1980, we entered an order denying Geigel's motion for reconsideration, pointing out to Third Party Defendant Geigel "that his appeal must be filed within 10 days of the entry of this Order." This order of Oct. 28, 1980 was duly entered on the docket, however, from the face of the original order it does not appear that a copy of this order was sent or notified to Geigel or his counsel, although it was sent to the other parties or their counsel.

On June 25, 1981, Third Party Defendant Eugenio J. Geigel filed his "Verified Motion to Set Aside Order"; while the motion does not indicate by date the order which is to be set aside we understand it to refer to our order of Oct. 28, 1980—the order which denied the remaining issues on the motion for reconsideration; the grounds advanced to set aside the order are the lack of notice of same. The parties were heard on this motion on July 23, 1981; the plaintiff opposed.

▮ At the outset, it should clearly be understood that (1) it is the practice of this court to notify copies of its orders to all parties in interest, and (2) by a clerical error neither Third Party Defendant Geigel nor his counsel were mailed a copy of the order of Oct. 28, 1981.

Do these facts entitle the moving party to the relief requested?

Bankruptcy Rule 802(a) provides:

"The notice of appeal shall be filed with the referee within 10 days of the date *of the entry of* the judgment or order appealed from."[1]

Bankruptcy Rule 803 provides that

"Unless a notice of appeal is filed as prescribed by Rules 801 and 802, the judgment or order of the referee shall become final."[2]

It is clear from the aforementioned rules that the 10 day term for appeal begins to run from the date of the entry of the order in the docket—the order in question was entered Oct. 28, 1980; there still has been no notice of appeal filed. Does the court's failure to have notified the Third Party Defendant of the order of Oct. 28, 1980 save the situation? We think that Bankruptcy Rule 922(a)[3] answers the question in the negative.

Rule 922

"(a) Judgment or Order of a Referee. Immediately upon the entry of a judgment or order made by him, the referee shall serve a notice of the entry by mail in the manner provided by Rule 705 upon any party who opposed the making of the judgment or order and on such other persons as may be designated by the referee. The service of such notice shall be noted in the referee's docket. Lack of notice of the entry does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 802."

Rule 802 does provide for an extension of the time to file an appeal, but situations there provided in no way help the Third Party Defendant; in any event, the maximum extension of time that could have been granted under this Rule was 30 days.

The late filing of an appeal has been held to constitute a jurisdictional defect which deprives the appellate court of the power to review the order. *Matter of Lee Industries, Inc.,* 402 F.Supp. 409, (S.D.N.Y., 1975); *Re Branding Iron Steak House,* 536 F.2d 299 (CCA–9 Cal.). More to the point, the 8th Circuit has held that it is a creditor's obligation to follow the record of administration of the bankruptcy estate and to discover for themselves orders they may want to challenge. *Re St. Cloud Tool & Die Co.,* 533 F.2d 387 (CCA–8, Minn.).

The records of this court do show that the Oct. 28, 1980 order was docketed both in the bankruptcy case docket and the adversary proceeding docket; the original of the order appears in the adversary proceeding file (Index D); the foregoing items appear in their normal chronological order in the docket and file.

The motion of third party defendant for reconsideration is denied.

---

1. Note that the 10 day period begins with the *entry* of the judgment. Rule 504(a) provides that all orders "shall be *entered* chronologically in the referee's docket. Rule 921 provides that all judgments "shall be *entered* forthwith in the referee's docket ... A judgment is effective only when entered as required by this subdivision."

2. Rule 801 describes the manner of taking an appeal.

3. F.R.C.P. 77(d), from which Bankruptcy Rule 922(a) is adapted reads similar to 922(a); the last sentence of 77(d) (almost identical to the last sentence of 922) was added to the Federal Rules in 1946 and cases thereunder have uniformly held that failure of the clerk to send notice of the entry of judgment as required by the rules does not toll the running of the time for appeal. See 7 *Moore's Federal Practice,* # 77.05, p. 77–10, p. 77–12, and cases cited therein.