In re ARKANSAS WHOLESALE FURNITURE, INC., Debtor.

PILLIOD OF CAROLINA, INC., Appellant,

v.

Middleton P. RAY, Jr., Trustee, Appellee.

Bankruptcy No. LR–80–256.

No. LR–C–82–25.

United States District Court, E. D. Arkansas, W. D.

April 30, 1982.

Wayne A. Gruber, Little Rock, Ark., and Daniel P. McQuade, Swanton, Ohio, Gruber & McQuade Law Firm, Little Rock, Ark., for appellant.

Middleton P. Ray, Jr., Trustee, pro se.

## ORDER

ROY, District Judge.

Pending before the Court is the motion of the Trustee herein, Middleton P. Ray, Jr., to dismiss the appeal which appellant Pilliod of Carolina, Inc., ("Pilliod") has attempted to take from the judgment entered by the United States Bankruptcy Judge on November 12, 1981. For the reasons set forth below, the Court finds that the motion should be granted.

On October 30, 1981, a trial was held wherein the Honorable Charles W. Baker found that the defendant (appellant herein) Pilliod must return some $14,132.60 plus interest to the Arkansas Wholesale Furniture, Inc., (the debtor) which sum was found to constitute a voidable preference pursuant to Section 547 of the Bankruptcy Code. Judgment was entered in accordance with these findings on November 12, 1981.

On January 6, 1982, Pilliod filed its notice of appeal. Some two days later on January

8, 1982, an Order was entered after the fact by Judge Baker whereby Pilliod was grant-, ed an extension of time until January 6, 1982, in which to file its notice of appeal.

Rule 802 of the Federal Rules of Bankruptcy states in pertinent part:

"*Rule 802—Time for Filing Notice of Appeal.*

"(a) Ten-Day Period. The notice of appeal shall be filed with the referee within 10 days of the date of the entry of the judgment or order appealed from.

\* \* \* \* \* \*

"(c) Extension of Time for Appeal. The referee may extend the time for filing the notice of appeal by any party for a period not to exceed 20 days from the expiration of the time otherwise prescribed by this rule. A request to extend the time for filing a notice of appeal must be made before such time has expired, except that a request made after the expiration of such time may be granted upon a showing of excusable neglect if the judgment or order does not authorize the sale of any property."

As the Editorial Comment to Rule 802 notes,

"A request for an extension of time for filing a notice of appeal from a referee's judgment or order not authorizing the sale of property may be filed after the expiration of the 10-day period following its entry or the entry of an order disposing of a motion as provided in Rule 802(b), but the extension may be granted on such a request only on a showing that the delay was due to excusable neglect. *Moreover any allowable extension cannot exceed the 20-day limitation prescribed by the first sentence of Rule 802(c). Thus the maximum time allowable under this Rule for filing an appeal is 30 days after the entry of the judgment or order appealed from* or 30 days from the entry of an order disposing of a motion that terminates the running of the time for filing an appeal as provided in subdivision (b)." [Emphasis added.]

In the instant case neither a notice of appeal nor a request for an extension of time was filed within ten days of the judgment. In fact, the record shows that no request for an extension was filed at all, let alone any request containing a showing that the delay was caused by excusable neglect. Rather, the notice was filed some sixty days after the entry of judgment.

█ Under the plain wording of Rule 802, the notice is untimely and the Bankruptcy Judge had no authority to extend the time for filing at any time after December 12, 1981 (which was the 30th day following the entry of the judgment on November 12, 1981). Rule 802(c) "expresses the Congressional policy of curbing the inherent discretionary power some courts asserted in granting extensions of time for appeal after the original time had run. See 13 Collier, *Bankruptcy*, ¶ 802.03." *In re W. T. Grant Co.*, 425 F.Supp. 565, 568 (S.D.N.Y. 1976), aff'd 559 F.2d 1202, 1206 (2d Cir. 1977).

Therefore, the January 8, 1982, Order which purported to grant Pilliod an extension of time until January 6, 1982, is void, and this Court has no jurisdiction to review the Bankruptcy Judge's decision. See, *In re Martin*, 573 F.2d 958 (6th Cir. 1978); *Re D'Onofrio*, 17 C.B.C. 360 (N.Y.1978); *In re W. T. Grant Co., supra; In re May Lee Industries*, 402 F.Supp. 409 (S.D.N.Y.1975).

█ As the Court stated in *In re W. T. Grant Co., supra*, 425 F.Supp. at 567,

"Failure to timely file a notice of appeal is a jurisdictional defect. *In re Great Western Ranches, Inc.*, 511 F.2d 1021, 1024 (9th Cir. 1975). The Bankruptcy Rules clearly state that 'unless a notice of appeal is filed as prescribed by Rules 801 and 802, the judgment or order of the referee shall become final.' Rule 803. Thus, a reading of Rules 801 through 803 makes certain that if a notice of appeal or a request for an extension of time is not filed within 30 days of the judgment or order of the Bankruptcy Court, said order becomes final."

In view hereof,

IT IS HEREBY ORDERED AND ADJUDGED:

That the appeal herein from the Bankruptcy Court's judgment of November 12, 1981, should be and is hereby dismissed.