In re ENNA ASSOCIATED INVESTORS, a General Partnership, Debtor.

STANDARD TANK INSTALLATION COMPANY, INC., a Corporation, Plaintiff,

v.

Basil C. ELIAS, Defendant.

No. 85 C 07915.

United States District Court, N.D. Illinois, E.D.

March 10, 1986.

S. Ira Miller, Chicago, Ill., for plaintiff.

Vincent Pascucci, Pascucci & Euola, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

This bankruptcy appeal comes to this Court after a long and arduous journey through the bankruptcy system. Basil Elias, a 38% partner in Enna Associated Investors ("Enna"), the debtor, appeals an order of the bankruptcy court denying his motion to quash a citation to discover assets pursuant to an earlier judgment in favor of appellee Standard Tank Installation Company, Inc. ("Standard"). The sole basis of Elias' claim is that the underlying judgment entered almost seven years ago is void because the bankruptcy court had neither subject matter nor personal jurisdiction to decide the case. The bankruptcy court below held that because Elias failed to appeal from that earlier judgment, it stood as the "law of the case."

In 1975, Enna filed Chapter 11 proceedings for reorganization, and in 1979, a plan of arrangement (the "plan") was approved by the bankruptcy court. Pursuant to the plan, Elias executed a promissory note to Standard, one of Enna's unsecured creditors. The note included a clause providing for the confession of judgment against Elias in any court of record upon default. Elias missed his second installment payment on the note, and Standard then filed a notice of acceleration of payment as provided for in the terms of the note. When Elias failed to pay, Standard filed a complaint in the bankruptcy court. For reasons unexplained in the record, Standard actually filed two separate complaints. The first was filed on March 2, 1978, and was served on Elias by mail. A hearing date for March 21 was set but was vacated by the bankruptcy court. A second complaint was filed on March 31, 1978, along with a proposed judgment order, which was signed by the bankruptcy judge on April 6, 1978 (the "1978 order"). However, notice of this second complaint was not served on Elias, but on his counsel of record, Ira Miller, as well as other counsel in these proceedings. On November 1, 1978, an execution of judgment was personally served on Elias. Pursuant to the execution of judgment, Standard filed for citation proceedings to discover the asseets of Elias' wife Sarah. On January 23, 1979, Elias filed in the bankruptcy court a motion to vacate the 1978 order entering judgment by confession and to quash the pending citation against Sarah. The bankruptcy court issued an order on April 18, 1979 (the "1979 order") denying Elias' motion to vacate the confessed judgment. However, the bankruptcy judge granted the motion to quash on the basis that Elias had not previously had a hearing *de novo* giving him an opportunity to be heard. But, the

judge elaborated, since Elias had a hearing on his motion to vacate the confessed judgment, he now had received all the process that was due, and accordingly all subsequent citation proceedings would be upheld.

For some reason not explained by either party here, Standard did not renew its citation proceedings until February 1985, when multiple citations were served. In May 1985, Elias filed a motion to quash all of the citation proceedings on the grounds that the original judgment by confession was void. The bankruptcy court quickly rejected the motion in a June 14, 1985 order which stated that the earlier disposition of the jurisdictional question was the "law of the case." Elias now appeals the 1985 denial of his motion to quash.

■ As an initial matter, Standard argues that Elias' appeal has not been filed in a timely manner. We disagree. Although the bankruptcy court order denying Elias' most recent motion to quash was dated June 14, 1985, the order was not entered on the bankruptcy court docket until July 19, 1985. The docketing date is the relevant measuring point from which the appeal time runs, *In re: Pacific Sales Co, Inc.*, 13 B.R. 634, 635 (Bankr.D.P.R.1981), and Elias filed his notice of appeal on July 22, 1985, well within the ten-day period allowed by Bankruptcy Rule 8002(a).

■ In order for this Court to reverse the bankruptcy court in this case, we must find that the underlying judgment by confession was invalid for want of jurisdiction. However, we must first decide whether the "law of the case" doctrine necessarily applies to determinations of a court's subject matter and personal jurisdiction. The law of the case doctrine attributes strong deference to matters that have already been resolved by the same court at an earlier stage of the same litigation. *See United States v. Board of Education of the City of Chicago*, 621 F.Supp. 1296, 1323 (N.D.Ill. 1985); 18 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 4478 (1981). However, certain considerations may occasionally make a departure from the law of the case doctrine appropriate, especially where the interests in finality promoted by the doctrine are particularly weak. Questions of subject matter jurisdiction are considered to be more suitable for reconsideration than most other determinations, 18 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 4478 (1981), and some courts have held that the law of the case doctrine does not necessarily control subject matter jurisdiction rulings. *See Amen v. City of Dearborn*, 718 F.2d 789, 793–94 (6th Cir.1983), *cert. denied*, 465 U.S. 1101, 104 S.Ct. 1596, 80 L.Ed.2d 127 (1984); *Gautreaux v. Pierce*, 707 F.2d 265, 271 (7th Cir.1983) (Posner, J. concurring). In the instance of subject matter jurisdiction, the interests in finality may give way to the doctrine of intrinsically valid judgments. However, we note that application of the law of the case in these circumstances is within the Court's discretion. *Gautreaux*, 707 F.2d at 271.

■ Because the jurisdictional questions resolved by the bankruptcy court in this case go to the heart of the judgment, we choose not to apply the law of the case doctrine to this matter. However, after reviewing the record, including the earlier opinion of the bankruptcy court, we find that there was both personal and subject matter jurisdiction to enter the judgment by confession against Elias.

The note which was the basis of the original judgment in this case was issued by Elias, the maker, to Standard as part of the Chapter 11 reorganization plan. In approving that plan, the bankruptcy court retained jurisdiction to resolve all matters related to and arising from objections to claims. The bankruptcy court's original order on April 8, 1978, reflected the court's finding that it had retained jurisdiction under the Amended Plan of Arrangement for the purposes of assuring payment of all notes issued under the plan. Furthermore, the court noted that Elias had notice of the proceedings and had failed to respond, although the matter of notice is disputed.

In his 1979 motion to vacate the judgment by confession, Elias argued that the bankruptcy court did not have subject matter jurisdiction over the case, however, he provided no support for this argument.[1] Elias argues correctly that the bankruptcy court's order denying his motion to vacate failed to address the subject matter jurisdiction issue; however he did not explain why he believed that the original 1978 order was incorrect in its assertion of subject matter jurisdiction under the Chapter 11 reorganization. We agree with the initial determination of the bankruptcy court in 1978 that subject matter jurisdiction existed over any dispute regarding the claims under the reorganization plan, which included the enforcement of the notes.[2]

Furthermore, we find that personal jurisdiction over Elias was proper at all times in this litigation since he signed a valid confession of judgment note. In Illinois, confessions of judgment are specifically authorized by the Illinois Code of Civil Procedure so long as no consumer transaction is involved. Ill.Rev.Stat. ch. 110, ¶ 2–1301(c) (1983). Furthermore, confession of judgment provisions have been upheld against constitutional due process challenges, at least outside of the consumer transaction context. *See D.H. Overmeyer Co. v. Frick Co.*, 405 U.S. 174, 186–87, 92 S.Ct. 775, 783, 31 L.Ed.2d 124 (1972); *Colonial Bank & Trust Co. v. Cahill*, 424 F.Supp. 1200, 1204 (N.D.Ill.1976); *First National Bank in De-Kalb v. Keisman*, 47 Ill.2d 364, 366, 265 N.E.2d 662, 663 (1971). Under a statutory scheme such as the one provided in ¶ 2–1301, service need not be made upon the maker of the note in default so long as the maker knowingly, voluntarily and intelligently waived his or her due process

rights. *Colonial Bank*, 424 F.Supp. at 1204. In this case, the bankruptcy court explicitly found in its 1979 order that Elias willingly and knowingly entered into the plan of arrangement under which he willingly, voluntarily and knowingly executed the cognovit note in payment for the claims of unsecured creditor Standard pursuant to that plan. The court recognized, as do we, that Elias is an attorney and that he has been represented throughout the course of this lengthy bankruptcy reorganization by counsel. Given these findings, we agree that the bankruptcy court had personal jurisdiction over Elias.

■ As a final matter, we address Elias' claim that a citation for discovery of assets pursuant to a confession of judgment may not be issued without first serving the judgment debtor and confirming the judgment. The basis for this argument lies in Fed.R.Civ.P. 69 which states in pertinent part that:

> "The procedure on execution, in proceedings supplementary to and in aid of a judgment, and in proceedings on and in aid of execution shall be in accordance with the practice and procedure of the state in which the district court is held, existing at the time the remedy is sought, except that any statute of the United States governs to the extent that it is applicable."

Elias points to General Order 6.4(c) of the Circuit Court of Cook County as the relevant practice and procedure of the State of Illinois. General Order 6.4(c) provides: "The Clerk of the Circuit Court of Cook County shall not issue Citations to Discover Assets ... based on judgments entered by confession unless such judgments are confirmed after service of process." Thus,

---

**1.** He did propose in his motion that the bankruptcy court was not a "court of record" as required in the confession of judgment clause. The bankruptcy court paid no heed to this completely unfounded argument, and neither do we.

**2.** Subject matter jurisdiction was evaluated under 11 U.S.C. 11, which was in effect at the time these bankruptcy proceedings were held. However, the federal bankruptcy system has been restructured following the Supreme Court's de-

cision in *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982). The jurisdiction of the bankruptcy courts is generally limited to "core" proceedings under Title 11 which are referred by the district court. 28 U.S.C.A. § 157 (West Supp.1985). Nevertheless, it does not appear that any of these changes would have had a material effect on the question of subject matter jurisdiction in the present case.

Elias' argument appears to be that even if the original judgment by confession was properly entered by virtue of the waiver of service and a hearing contained in the note, citation proceedings cannot be undertaken without a judicial confirmation of the judgment after service on the judgment debtor. Illinois law only requires such confirmation where the creditor seeks a deduction order, Ill.Rev.Stat. ch. 110, ¶ 12–813 (1983), although Cook County rules appear to extend to the situation in the present case. Elias claims that he is entitled to a trial *de novo* by virtue of General Order 6.4(c), which was in effect at the time the citation in this case was sought. However, General Order 6.4(c) appears only to require some sort of judicial confirmation of judgment, unlike Ill.Rev.Stat. ch. 110, ¶ 12–813 (1983), which explicitly requires a trial *de novo*. General Order 6.4(c) merely provides the debtor a second bite at the apple. The bankruptcy court judge who heard Elias' motion to vacate the judgment by confession seemed to treat the proceedings as a confirmation hearing. This is indicated by the fact that he granted the original 1979 motion to quash the citation because Elias had not had an opportunity to be heard. However, the judge wrote:

> The Court ... finds ... that by reason of the hearing granted in connection with the defendant's [Elias] motion to vacate the judgment and quash the supplemental proceedings wherein the defendant was given the opportunity to be heard in respect of the voluntariness of his execution of the cognovit, due process under the laws of the State of Illinois and of the United States of America has been afforded the defendant with respect to the judgment and that all future supplemental proceedings are now reasonable and proper.

*In re Enna Associated Investors,* No. 75 B 2056 slip op. at 3 (Bankr.N.D.Ill. April 16, 1979).

Thus, Elias has already had an additional opportunity to raise questions regarding the voluntariness of his actions in signing the confession of judgment. Furthermore, he had yet another opportunity to appeal the 1979 order to this Court which he failed to exercise. Now he seeks another hearing on the same matter. In our view, Elias has received all the process he was due and, the requirements of General Order 6.4(c) have been met.

In conclusion, even without applying the law of the case doctrine, we affirm the decision of the bankruptcy court to deny Elias' motion to quash citation proceedings since we have independently determined that the bankruptcy court had jurisdiction to enter the underlying judgment against Elias. It is so ordered.[3]

---

3. Elias' request for oral argument on appeal is denied.