**In re CUSTOM ARC MANUFACTURING, INC., Debtor.**

**CUSTOM ARC MANUFACTURING, INC., Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Bankruptcy No. 85–1099–8P1.
Adv. No. 90–334.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

March 29, 1991.

Neil G. Kiefer, St. Petersburg, Fla., for plaintiff.

Robert W. Genzman, Tampa, Fla., for defendant.

ORDER ON MOTIONS FOR SUMMARY JUDGMENT

ALEXANDER L. PASKAY, Chief Judge.

THIS is a confirmed Chapter 11 case and the matters under consideration are cross-Motions for Summary Judgment filed by Custom Arc Manufacturing, Inc. (Debtor), and the United States of America, Internal

Revenue Service (Government). While both parties agree there are no genuine issues of material fact, a brief recitation of the facts would help to put the issues into proper focus.

The Debtor filed a voluntary Petition for Relief under Chapter 11 of the Bankruptcy Code on May 2, 1985. The Government filed a proof of claim in the amount of $187,234.90, $137,562.32 filed as a secured claim and $49,520.34 as an unsecured priority claim. The Government's proof of claim contained the following statement: "For the purposes of § 506(b) of the Bankruptcy Code, postpetition interest may be payable."

The Debtor's Plan of Reorganization provided to pay the Government's claim in full; but it did not include any provision for payment of interest. The Government did not object to the confirmation of the Plan on this ground or any other ground. Thereafter, the Debtor's Plan of Reorganization was confirmed, and ultimately, a final decree was entered on May 31, 1988.

Two years after this Court entered a final decree in this case, the Debtor filed a Motion To Reopen the case in order to seek a determination from this Court regarding what amount, if any, the Debtor owes to the Government. Thereafter, the Debtor filed an adversary proceeding seeking a declaration from this Court that the Debtor has paid all amounts which were owed to the Government.

Both the Debtor and the Government filed a Motion for Summary Judgment stating that there are no genuine issues of material fact, and that the Movant is entitled to judgment as a matter of law. Fed. R.Civ.P. 56 which governs the procedure for summary disposition of litigation without the necessity of a full scale trial has been adopted by Bankruptcy Rule 7056 in toto. Clearly, the principles which govern the use of Fed.R.Civ.P. 56 are equally applicable if motions for summary judgment are filed in a bankruptcy court, either in an adversary proceeding or in a contested matter. In this case, both parties agree there are no genuine issues of material fact, and this Court must therefore determine which party is entitled to judgment as a matter of law.

Section 502(a) of the Bankruptcy Code provides that a proof of claim properly filed is deemed allowed unless a party of interest interposes a timely objection and the objection is sustained. In this case, this Court is satisfied that the claim of the Government was allowed in the amount claimed by the Government of $187,234.90. Although the claim also included an assertion that "postpetition interest *may be payable*" (emphasis supplied), this Court is satisfied that the Government did not at any time properly assert a demand for payment of postpetition interest. The terms of the Debtor's Plan of Reorganization, which was confirmed, is binding on the Government by virtue of § 1141(a) of the Bankruptcy Code. Since the confirmed Plan did not include any provisions for paying interest on the Government's claim, the claim for interest is forever barred, and the Government is no longer in any position to raise the issue of interest two years after the entry of the Order of Confirmation. Had this issue been raised by an objection to confirmation and had it been resolved in favor of the Government, such a ruling might have had a serious negative impact on the feasibility of the Plan. It ill behooves the Government to urge now a claim and assert a claim for unpaid interest two years after the Plan has been confirmed and the case has been closed. Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Debtor's Motion for Summary Judgment be, and the same is hereby, granted. It is further

ORDERED, ADJUDGED AND DECREED that the Motion for Summary Judgment filed by the United States of America be, and the same is hereby, denied.

A separate Final Judgment will be entered in accordance with the foregoing.

DONE AND ORDERED.