## In re GENERAL DEVELOPMENT CORPORATION, et al., Debtors.

## ATLANTIC GULF COMMUNITIES CORPORATION, f/k/a General Development Corporation, et al., Appellants,

v.

## TAX COLLECTORS OF ST. LUCIE COUNTY, St. Johns, Hendry, Glades, Indian River, Sarasota, Marion, Graham, Hernando, Lee, Martin, Seminole, Charlotte, Cumberland, Polk, Citrus, Brevard, DeSoto, Putnam, Dade, White, Hillsborough and Palm Beach Counties, the City of Palm Bay, and the Town of Santeetlah, Appellees.

Nos. 93–0546–CIV, 90–12231–BKC–AJC.

United States District Court,
S.D. Florida.

Jan. 21, 1994.

---

Mark D. Bloom, Greenberg, Traurig, Hoffman, Lipoff, Rosen & Quentel, P.A., Miami, FL, William J. Perlstein, Gail C. Bernstein, Wilmer, Cutler & Pickerling, Washington, DC, for appellants.

Leslie Gern Cloyd, Ackerman, Bakst, Cloyd & Scherer, P.A., West Palm Beach, FL, for appellees Tax Collectors for Counties of St. Lucie, Indian River, St. Johns, Hendry and Glades.

Patricia A. Redmond, Stearns, Weaver, Miller, Weissler, Alhadeff & Sitterson, P.A., Miami, FL, for appellee City of Port St. Lucie.

### ORDER REVERSING DECISION OF BANKRUPTCY COURT

ARONOVITZ, District Judge.

This is an appeal by Appellants Atlantic Gulf Communities Corporation, formerly General Development Corporation, and its subsidiaries, Town & Country II, Inc. and Five Star Homes, Inc. from a Memorandum Decision entered on February 5, 1993 by Judge A. Jay Cristol of the United States Bankruptcy Court for the Southern District of Florida. The Court has considered the briefs on appeal, oral argument of counsel, the record on appeal, the applicable law, and is otherwise fully advised in the premises. For the following reasons, this Court RE-VERSES the decision of the Bankruptcy Court.

### Factual and Procedural History

In April of 1990, Appellants Atlantic Gulf Communities Corporation, formerly General Development Corporation, and its subsidiaries, Town & Country II, Inc. and Five Star Homes, Inc. (collectively, the "Debtors") sought relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Florida. The Appellees are various tax collectors for certain Florida counties, the City of Port St. Lucie, the City of Palm Bay and the Town of Santeetlah, all of whom are holders of pre-petition secured tax liens on certain real property owned by the Debtors.

The terms of the Debtors' respective reorganizations plans (collectively referred to as the "Reorganization Plan") provided in pertinent part that claimants of allowed prepetition tax claims would receive the full amount of their claims in cash, either upon the sale of the tract of land or in ten (10) equal semi-annual installments over a five-year period, beginning on February 1, 1993. See Reorganization Plan, at 19, § 5.2.3. The Reorganization Plan also contained an injunctive clause, which provided that holders of allowed secured prepetition tax claims:

> shall retain their statutory lien on such property to secure the Reorganized Company's obligations under this Plan, but shall be barred from enforcing their rights with respect to such liens unless and until

the Reorganized Company fails to make any payment provided for in this section. Reorganization Plan, at 19, § 5.2.3. The Bankruptcy Court confirmed the Reorganization Plan on March 27, 1992. See Order Confirming Second Amended Joint Plan of Reorganization of General Development Corporation (the "Confirmation Order").

Following confirmation, the Debtors sought to plat or replat previously completed tracts of undeveloped land to achieve greater value from the liquidation of the undeveloped tracts, and to this end, sought governmental administrative approval of the platting and replatting actions. The governmental authorities, however, denied approval on the basis that the Debtors failed to comply with Fla.Stat. § 177.101(1). That statute requires that applications for actions platting or replatting land must include "certificates showing that all state and county taxes have been paid." Fla.Stat. § 177.101(1) (West Supp. 1991).

In response, the Debtors sought an order from the Bankruptcy Court determining that governmental administrative action with respect to the platting and replatting actions could not be conditioned on the immediate payment of the prepetition taxes. The Debtors argued that conditioning the approval of the platting and replatting actions upon payment of the outstanding tax obligations would violate the fresh start policy of 11 U.S.C. § 525, the Confirmation Order and the Reorganization Plan.

Following a hearing on the matter, the Bankruptcy Court entered on February 5, 1993 a Memorandum Decision Finding No Discrimination In Respect of Statutory Requirements for Platting or Replatting and Granting Relief With Respect to Outstanding Taxes on Land Being Dedicated (the "Memorandum Decision"). The lower court rejected the Debtors' arguments and held that 11 U.S.C. § 525(a) does not permit the Debtors to avoid the requirement of Fla.Stat. § 177.-101(4) to pay outstanding taxes. The lower court reasoned that Fla.Stat. § 177.101(4) applied uniformly to every person or entity seeking to plat or replat land in the State of Florida and that the statute does not discriminate against the Debtors "solely be-

cause such bankrupt or debtor is or has been a debtor under [the Bankruptcy Code] ..." *See* Memorandum Decision at 3. This timely appeal followed.[1]

### Discussion

The issues on appeal are (1) whether the application of Fla.Stat. § 177.101(4) to this case violates 11 U.S.C. § 525(a); and (2) whether the Appellees' efforts to obtain immediate payment of the outstanding tax obligations violate the provisions in the Confirmation Order and the Reorganization Plan.

 The lower court's determination of whether Fla.Stat. § 177.101(4) violates 11 U.S.C. § 525(a) is a conclusion of law, subject to *de novo* review.[2] The issue of whether the Appellees' conduct at issue violates the Confirmation Order and the Reorganization Plan is a question of fact, and the lower court's findings on this matter will not be set aside unless clearly erroneous.[3]

In accordance with these standards of review, the Court reverses the decision of the lower court on both grounds.

### A. 11 U.S.C. § 525(a)

 Section 525(a) of the Bankruptcy Code provides, in pertinent part, that:

*a governmental unit may not* deny, revoke, suspend, or refuse to renew a license, permit, charter, franchise or other similar grant to, *condition such a grant* to, discriminate with respect to such a grant

against, ... a person that is or has been a debtor under this title or a bankrupt or a debtor under the Bankruptcy Act, ... *solely because such bankrupt or debtor is or has been a debtor* under this title or a bankrupt or debtor under the Bankruptcy Act, ... *or has not paid a debt that is dischargeable in the case under this title or that was discharged under the Bankruptcy Act.*

11 U.S.C. § 525(a) (1988) (emphasis added). The legislative history of section 525(a) provides, in relevant part, that the prohibition "extends only to discrimination or other action based solely ... on the basis of nonpayment of a debt discharged in the bankruptcy case." S.Rep. No. 95–989, 95th Cong., 2d Sess. 81 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5787, 5867.

Section 525(a), by its plain language, applies to the facts of this case. It is clear that the governmental units here are attempting, pursuant to Fla.Stat. § 177.101(4), to condition the approval of the Debtors' platting and replatting actions on the payment of prepetition tax debts that have been discharged or are dischargeable in bankruptcy. Such action is based solely "on the basis of nonpayment of a debt discharged" or dischargeable in the bankruptcy case, in violation of section 525(a). Thus, as applied to the facts of this case, Fla.Stat. § 177.101(4) has the effect of frustrating section 525(a) and the overriding fresh start principle of bankruptcy law. *See*

---

**1.** At oral argument on appeal, counsel for Appellee, City of Port St. Lucie challenged for the first time the timeliness of the notice of appeal in this case. Although this issue was not raised by any party in the appellate briefs, the Court will address it as it is a jurisdictional issue and cannot be waived. *See Matter of Topco, Inc.*, 894 F.2d 727 (5th Cir.1990); *In re Abdallah*, 778 F.2d 75 (1st Cir.1985), *cert. denied*, 476 U.S. 1116, 106 S.Ct. 1973, 90 L.Ed.2d 657 (1986); *In re Hospital General San Carols, Inc.*, 83 B.R. 870 (D.P.R. 1988).

. The Court finds that the Notice of Appeal was filed within the ten-day limitations period prescribed by Bankruptcy Rule 8002(a). The Memorandum Decision from this appeal is taken was entered by the lower court on February 5, 1993. It was entered on the docket on February 10, 1993, and the Notice of Appeal was filed on February 22, 1993. The ten-day period to appeal

a bankruptcy court order begins to run from the date of the entry of the order on the docket. *In re Enna Associated Investors*, 61 B.R. 687 (N.D.Ill.1986); *In re Pacific Sales Co.*, 13 B.R. 634 (Bankr.D.P.R.1981); *see also* Bankruptcy Rule 9021. Therefore, the ten-day period in this case began to run on February 10, 1993, the date of the entry of the decision on the docket. Ten days hence was February 20th which fell on a Saturday, and therefore, a Notice of Appeal filed on Monday, February 22, 1993 was timely.

**2.** *See In re Chase & Sanborn Corp.*, 904 F.2d 588, 593 (11th Cir.1990); *In re Sublett*, 895 F.2d 1381 (11th Cir.1990).

**3.** *See In re Chase*, 904 F.2d at 593; *In re T & B General Contracting, Inc.*, 833 F.2d 1455 (11th Cir.1987); *In re General Coffee Corp.*, 64 B.R. 702 (S.D.Fla.1986), *cert. denied*, 485 U.S. 1007, 108 S.Ct. 1470, 99 L.Ed.2d 699 (1988).

*Perez v. Campbell,* 402 U.S. 637, 91 S.Ct. 1704, 29 L.Ed.2d 233 (1971).

The parties have not cited, and the Court has not independently found, a case with facts similar to those in the instant case. However, the Court finds that the cases dealing with the granting of liquor or business licenses conditioned on the payment of outstanding taxes are most analogous. These cases hold that a governmental entity may not condition the approval or renewal of a debtor's liquor or business license upon the payment of outstanding taxes.[4] Similarly, under the facts of this case, a governmental entity may not condition the approval of a platting or replatting action upon the payment of outstanding prepetition taxes. The lower court's determination otherwise was clearly erroneous and contrary to the law.

### B. The Confirmation Order and Reorganization Plan

■ Under section 1141(a) of the Bankruptcy Code, a confirmed plan of reorganization is binding upon every entity with a prepetition claim against the debtor. 11 U.S.C. § 1141(a) (1988); *see also, In re Justice Oaks II, Ltd.,* 898 F.2d 1544, 1550 (11th Cir.), *cert. denied,* 498 U.S. 959, 111 S.Ct. 387, 112 L.Ed.2d 398 (1990); *In re Custom Arc Manufacturing, Inc.,* 125 B.R. 843, 844 (Bankr.M.D.Fla.1991). Therefore, the Appellees, as holders of prepetition tax claims, are bound by the provisions of the Confirmation Order and the Reorganization Plan.

■ The lower court's Confirmation Order enjoins all persons and entities "from taking one or more of the following actions for the purpose of, directly or indirectly, collecting, recovering or receiving payment of, on or with respect to any Claim ..." *See* Confirmation Order at ¶ 22. Similarly, section 5.2.3 of the Reorganization Plan provides, among

other things, that holders of prepetition tax claims "shall be barred from enforcing their rights with respect to their liens unless and until the [Debtors] fail[ ] to make any payments provided for in this section." *See* Reorganized Plan, at 19, § 5.2.3.

The Debtors argue that the Appellees' instant efforts to obtain immediate payment of all taxes due (rather than await the ten semi-annual installment payments as provided for in the Plan) directly violate these provisions of the Confirmation Order and the Reorganization Plan. The Court agrees.[5] The record contains no evidence that the Debtors have ever been in default of their obligation to pay the tax claims as provided for by the Plan. Therefore, the Court finds no reason to render relief from the injunction contained in the Confirmation Order and the Reorganization Plan, or to depart from the installment payments specified in the Reorganization Plan.

### Conclusion

In consideration of the above, the Memorandum Decision entered on February 5, 1993 by the Bankruptcy Court is hereby REVERSED. The court below is directed to grant the Appellants' motion for an order determining that governmental administrative approval of platting and replatting actions on the Debtors' property conditioned upon the prepayment of tax obligations pursuant to Fla.Stat. § 177.101(4) discriminates against the Debtor in violation of 11 U.S.C. § 525 and the fresh start principles underlying § 525.

DONE AND ORDERED.

---

4. *See, e.g., In re Hoffman,* 65 B.R. 985 (D.R.I. 1986) (state statute requiring that tax administrator certify all outstanding taxes had been paid prior to state approval of transfer of debtor's liquor license violated § 525(a)); *In re William Tell, II, Inc.,* 38 B.R. 327 (N.D.Ill.1983) (court directed state licensing board to issue renewal of debtor's liquor license despite outstanding tax obligations which had to be first satisfied pursuant to state statute); *In re Aegean Fare, Inc.,* 35

B.R. 923 (Bankr.D.Mass.1983) (municipal licensing board cannot condition renewal of debtor's liquor license on basis of state law that required certification that all taxes due had been paid); *In re Jacobsmeyer,* 13 B.R. 298 (Bankr.W.D.Mo. 1981).

5. Although the Appellants raised this argument in the court below, the lower court did not address it in the Memorandum Decision.