## In re ARKCO CORPORATION

### Bankruptcy No. 96–20373 S.

United States Bankruptcy Court,
E.D. Arkansas,
Helena Division.

April 29, 1997.

Allen Bird, Little Rock, AR, for petitioner.

Susan Gunter, Little Rock, for respondent.

### *ORDER DISMISSING APPEAL*

MARY DAVIES SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon a review of the file. This case was commenced on December 24, 1996, by the filing of a petition. On December 31, 1996, W.T. Paine filed an "Emergency Motion to Dismiss Chapter 11 Cases as Unauthorized and Filed in Bad Faith." Hearing on the matter was held on March 24–25, 1997, and an Order of Dismissal was entered on March 28, 1997. A notice of appeal was required to be filed on or before April 7, 1997. However, the debtor filed a Notice of Appeal on April 9, 1997, Fed. R. Bankr.Proc. 8002(a), and elected for the appeal to be heard by the district court. 28 U.S.C. § 158(c)(1)(A); L.R. BAP 8th Cir. 01(a)(1). Inasmuch as the appeal was untimely filed, no court has jurisdiction over the appeal.[1] *See Jacobson v.*

---

**1.** The provision contained in Rule 8002, provid-

ing for an extension of time to file a Notice of

*Nielsen,* 932 F.2d 1272 (8th Cir.1991); *Pilliod of Carolina, Inc. v. Ray (In re Arkansas Wholesale Furniture, Inc.),* 19 B.R. 1013 (E.D.Ark.1982) (Roy, J.). In addition, under Rule 8006, Federal Rules of Bankruptcy Procedure, the debtor was required to file and serve a designation of the record on appeal and request, if necessary, a transcript of the proceedings on or before April 21, 1997.[2] The debtor has failed to designate the record, failed to provide copies of documents, and has failed to request a transcript from the Court recorder.

Under Local Rule 4–2(II)(d)(A), Rules of the U.S. District Court for the Eastern and Western Districts of Arkansas, "The bankruptcy court is authorized to dismiss an appeal field after the time provided by the applicable rules and any appeal in which the appellant has failed to file a designation of the items for the record, or the transcript designated for inclusion in the record or a statement of the issues as required by the applicable rules." *See generally Rivermeadows Associates v. Falcey (In re Rivermeadows Associates),* 205 B.R. 264 (10th Cir. BAP 1997) (bankruptcy court had authority to dismiss appeal pursuant to local rule). Upon the debtor's noncompliance with the Federal Rules of Bankruptcy Procedure, and by virtue of the authority granted by the district court, it is

**ORDERED** that the appeal of the Order of Dismissal, notice of which was filed on April 9, 1997, is DISMISSED.

**IT IS SO ORDERED.**

---

2. The tenth day fell on Saturday, April 19, 1997, such that the time to file the designation of record and statement of issues was required to be filed on April 21, 1997. Fed. R. Bankr.Proc. 9006.

Appeal upon a showing of excusable neglect, is inapplicable inasmuch as the Order appealed from is an Order dismissing the case. Fed. R. Bankr.Proc. 8002(a). In any event the time by which such a motion must be filed has expired.